IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA      *

        Plaintiff      *

        vs.            *   CIVIL ACTION NO. MJG-11-2929

ROBERT SHRINER, et al.        *

        Defendants     *

\*   \*   \*   \*   \*   \*   \*   \*   \*

## SECOND MEMORANDUM AND ORDER RE: SUMMARY JUDGMENT

The Court has before it Defendant Scott Larson Shriner's Motion for Partial Summary Judgment [Document 28], the United States' Motion for Summary Judgment [Document 29], and the materials submitted relating thereto. The Court has held a hearing, had the benefit of the arguments of counsel for Plaintiff and Defendant Scott Shriner,[1] and invited, but did not receive any post-hearing submissions.

In the Memorandum and Order Re: Summary Judgment [Document 58] the Court granted the United States' Motion for Summary Judgment [Document 29] to the extent of $160,000 plus interest from the date of assessment. [Document 58] at 2.

---

[1] Defendant Robert Shriner did not file any response to any of the motions and did not appear at the hearing.

I.   SUMMARY JUDGMENT STANDARD

A motion for summary judgment shall be granted if the pleadings and supporting documents show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

The well-established principles pertinent to summary judgment motions can be distilled to a simple statement:  The Court may look at the evidence presented in regard to a motion for summary judgment through the non-movant's rose-colored glasses, but must view it realistically.  After so doing, the essential question is whether a reasonable fact finder could return a verdict for the non-movant or whether the movant would, at trial, be entitled to judgment as a matter of law.  See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Shealy v. Winston, 929 F.2d 1009, 1012 (4th Cir. 1991).  Thus, in order to defeat a motion for summary judgment, "the party opposing the motion must present evidence of specific facts from which the finder of fact could reasonably find for him or her."  Mackey v. Shalala, 43 F. Supp. 2d 559, 564 (D. Md. 1999) (emphasis added).

When evaluating a motion for summary judgment, the Court must bear in mind that the "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but

2

rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Celotex, 477 U.S. at 327 (quoting Rule 1 of the Federal Rules of Civil Procedure).

"Cross motions for summary judgment 'do not automatically empower the court to dispense with the determination whether questions of material fact exist.'" Equal Rights Center v. Archstone Smith Trust, 603 F. Supp. 2d 814, 820 (D. Md. 2009) (quoting Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. Voigt, 700 F.2d 341, 349 (7th Cir. 1983)). Rather, the court must examine each party's motion separately and determine whether summary judgment is appropriate as to each under the Rule 56 standard. Desmond v. PNGI Charles Town Gaming, L.L.C., 630 F.3d 351, 354 (4th Cir. 2011). The court may grant summary judgment in favor of one party, deny both motions, or grant in part and deny in part each of the parties' motions. See Rossignol v. Voorhaar, 316 F.3d 516, 523 (4th Cir. 2003).

II. Undisputed Facts

There is no genuine dispute regarding the following facts:

1. On June 23, 2004, defendants Robert and Scott Shriner were appointed by the Orphans' Court for Anne Arundel County, Maryland as co-administrators of the Estate of Carol Shriner who died on June 3, 2004. [Document 28-1] at 1.

3

2.  During her lifetime, Carol Shriner, the decedent, failed to file federal income tax returns for the years of 1997 and 2000 through 2003. [Document 29-1] at 2.

3.  "In 2004, defendants Robert and Scott Shriner engaged the law firm of Kraft & Jacobson ['the Law Firm'] to represent the Estate and prepare the decedent's outstanding tax returns." Id.

4.  "In May, 2005, the Estate filed [income tax] returns on behalf of the decedent for 1997 and 2000 through 2003. The returns reported tax due, and, on June 20, 2005 and June 27, 2005, the Internal Revenue Service assessed tax liabilities amounting to $276,908 . . . against the Estate." Id.

5.  The Estate filed a power of attorney (IRS Form 2848) that authorized the Law Firm to represent it and requested that the Internal Revenue Service ("IRS") send all notices and correspondence regarding the Estate's tax liabilities to the Law Firm. See id.

6.  On numerous occasions prior to February 15, 2006, the IRS notified the Law Firm of the outstanding amounts of the Estate's unpaid tax liabilities for tax years 1997 and 2000 through 2003. Id.

7.  "On February 15, 2006, the Estate reported to the Orphans' Court that it made distributions to Robert and Scott Shriner totaling $470,963." However, "[a]s of February 15, 2006, . . . the Estate was indebted to the United States in the amount of $231,373, representing the total amount due and owing by the Estate of Carol Shriner." The $470,963 distribution left the Estate without sufficient assets to pay the income tax liabilities of Carol Shriner. See id. at 2-3.

8.  As of March 18, 2013, the Estate was indebted to the United States for unpaid federal income taxes and statutory additions to tax in the amount of $333,292. Id. at 7.

III. DISCUSSION

Section 3713 of Title 31 of the United States Code, provides that "[a] representative of a person or an estate . . . paying any part of a debt of the person or Estate before paying a claim of the Government is liable to the extent of the payment for unpaid claims of the Government." 31 U.S.C. § 3713(b). Accordingly, Defendants – as personal representatives the Estate of Carol Shriner – are personally liable for the unpaid tax claim of the United States, to the extent of the distribution of Estate assets, if:

- They distributed assets of the Estate;

- The distribution rendered the Estate insolvent (unable to fully pay the outstanding taxes); and

- The distribution took place after the Defendants – as personal representatives of the Estate - knew, or should have known, of the Government's claim.

See United States v. Coppola, 85 F.3d 1015, 1020 (2d Cir. 1996).

Defendants do not deny that they distributed assets of the Estate that rendered the Estate insolvent and unable to pay the outstanding tax liability. However, Defendants deny that they had actual or constructive knowledge of the debt owed to the United States. This denial is not sufficient to establish a genuine issue of material fact to warrant denial of summary judgment.

5

It is undisputed that the Law Firm represented the Estate and the Defendants before the IRS by virtue of a Power of Attorney and Declaration of Representative Form 2848 filed with the IRS. The Law Firm received multiple notices from the IRS concerning the unpaid taxes prior to the distribution of Estate assets at issue. The Law Firm's knowledge of the unpaid taxes is imputed to their clients. See Chapman v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 597 F. Supp. 623, 627-28 (D. Md. 1984) ("[E]ven if plaintiffs did not know . . . of the statements or omissions of defendant, it is clear that their attorney did. Such knowledge must be imputed to plaintiffs . . . ."); Ryan v. Brady, 366 A.2d 745, 752 (Md. App. 1976) ("[N]otice to an attorney is notice to his client."); cf. Mansour v. Reeves Bldgs., Inc., 383 F. Supp. 482, 484-85 (S.D. W. Va. 1973) ("Notice to, or knowledge of, an attorney for a party to a legal proceeding of matters arising in the course of the litigation or proceeding is ordinarily imputable to such party."), aff'd sub nom. Mansour v. Reeves Bldg., Inc., 504 F.2d 812 (4th Cir. 1974).

The Court finds no merit in Defendant Scott Shriner's contention that he relied on erroneous advice from the Law Firm as to the extent of the liability and, therefore, cannot be

6

bound by the Law Firm's knowledge.[2] See <u>United States v. Renda</u>, 709 F.3d 472, 484 (5th Cir. 2013)("We follow the majority of other courts in holding that a representative's actual knowledge of a federal claim is sufficient, notwithstanding that representative's reliance on the erroneous advice of counsel as to how to address the claim."); <u>cf.</u> <u>United States v. Boyle</u>, 469 U.S. 241, 251 (1985) ("When an accountant or attorney <u>advises</u> a taxpayer on a matter of tax law, such as whether a liability exists, it is reasonable for the taxpayer to rely on that advice. . . . By contrast, one does not have to be a tax expert to know that tax returns have fixed filing dates and that taxes must be paid when they are due. In short, tax returns imply deadlines. Reliance by a lay person on a lawyer is of course common; but that reliance cannot function as a substitute for compliance with an unambiguous statute.")

Finally, Defendants have produced no evidence to establish that there was some sort of settlement of the claim against them.

---

[2] Defendant Scott Shriner contends that <u>Little v. Commissioner of Internal Revenue</u>, a decision of the United States Tax Court, supports his claim that he cannot be held personally liable for the income tax liability of the Estate because he relied on the advice of counsel as to the amount of the tax liability. The issue before the Tax Court in <u>Liddle</u> was erroneous advice from counsel that "the <u>estate had no income tax liabilities</u>." 113 T.C. 474, 480 (1999) (emphasis added). However, in this case, there is no dispute that the Defendants <u>knew</u> the Estate owed <u>some</u> income tax liability. Thus, Defendant Scott Shriner's reliance on <u>Little</u> is inapposite.

IV. CONCLUSION

For the foregoing reasons:

1. Defendant Scott Larson Shriner's Motion for Partial Summary Judgment [Document 28] is DENIED.

2. The United States' Motion for Summary Judgment [Document 29] is GRANTED.

3. Judgment shall be entered by separate Order.


SO ORDERED, on Wednesday, March 12, 2014.


/s/
Marvin J. Garbis
United States District Judge

8